UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CITY OF ST. CLAIR SHORES POLICE AND : Civil Action No. 1:08-cv-05048-HB
FIRE RETIREMENT SYSTEM, on Behalf of :
Itself and All Others Similarly Situated, :
                                         :
                    Plaintiff,           :
                                         :
    vs.                                  :
                                         :
GILDAN ACTIVEWEAR, INC., GLENN J.        :
CHAMANDY and LAURENCE G. SELLYN,         :
                                         :
                    Defendants.          :
---------------------------------------------------------------x

---------------------------------------------------------------x
THE POLICE AND FIRE RETIREMENT          : Civil Action No. 1:08-cv-05717-UA
SYSTEM OF THE CITY OF DETROIT, on       :
Behalf of Itself and All Others Similarly :
Situated,                                :
                                         :
                    Plaintiff,           :
                                         :
    vs.                                  :
                                         :
GILDAN ACTIVEWEAR, INC., LAURENCE :
G. SELLYN, and GLENN J. CHAMANDY, :
                                         :
                    Defendants.          :
---------------------------------------------------------------x

```
                                              x
ALEJANDRO ALEGRE, on Behalf of Himself  :  Civil Action No. 1:08-cv-01644-HB
and All Others Similarly Situated,      :
                                        :
              Plaintiff,                :
                                        :
     vs.                                :
                                        :
GILDAN ACTIVEWEAR, INC., GLENN J.       :
CHAMANDY and LAURENCE G. SELLYN,        :
                                        :
              Defendants.               :
                                        :
                                              x
```

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR <u>APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL</u>

Institutional Investor class member and lead plaintiff movant Police and Fire Retirement System of the City of Detroit ("City of Detroit" or "Movant"), respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment of the City of Detroit as lead plaintiff in the consolidated action pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4; (iii) approval of the City of Detroit's selection of the law firm of Scott + Scott LLP to serve as lead counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (iv) granting such other and additional relief as the Court may deem just and proper.

## I.  INTRODUCTION

Presently pending before this Court are three related securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased or otherwise acquired the common stock of Gildan Activewear Inc. ("Gildan" or the "Company"), between August 2, 2007, and April 29, 2008, inclusive (the "Class Period"), and were damaged thereby.  These related investor class actions are captioned as follows:

| Case Caption | Date Filed |
|---|---|
| *City of St. Clair Shores Police and Fire Retirement System v. Gildan Activewear Inc., et al.*, 08-cv-05048-HB | June 2, 2008 |
| *The Police and Fire Retirement System of the City of Detroit et al. v. Gildan Activewear Inc., et al.*, 08-cv-05717-UA | June 25, 2008 |
| *Alegre v. Gildan Activewear Inc., et al.*, 08-cv-06144-HB | July 3, 2008 |

These Actions are all brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Pursuant to the PSLRA, prior to selecting a lead plaintiff, the court must decide whether to consolidate the actions. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after its decision on consolidation, the court is to appoint as lead plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 42(a) of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Moreover, the City of Detroit should be appointed as lead plaintiff because: (1) this motion is timely filed; (2) to the best of its knowledge, the City of Detroit possesses the largest financial interest in this litigation; and (3)

the City of Detroit will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Finally, the City of Detroit's selection of the law firm of Scott + Scott LLP ("Scott + Scott") to serve as lead counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND [1]

This is a securities class action brought on behalf of all persons or entities, except for defendants, who purchased or otherwise acquired the common stock of Gildan Activewear during the Class Period between August 2, 2007 and April 29, 2008, against Gildan and certain of its officers and/or directors for violations of the Exchange Act.

Gildan is a Montreal-based company that manufactures blank tee-shirts and sweatshirts which are sold under the Gildan brand at wholesale and ultimately screen-printed with designs and logos for consumer use.  Gildan's products are also used as work uniforms and similar applications to convey individual, group, and team identity.  The Company sells its products to wholesale distributors worldwide.

During the Class Period, defendants allegedly issued a series of materially false and misleading statements concerning Gildan's financial performance and prospects, causing Gildan's stock price to become artificially inflated.  Specifically, the complaint alleges that Class Period statements by defendants were materially false and misleading because defendants failed to disclose and/or misrepresented: (i) that sales of Gildan's activewear were performing below internal expectations as a result of a shortfall in production from its Dominican Republic textile facility; (ii) that Gildan was failing to timely write down an impairment in the value of its

---

[1]     These facts are derived from the allegations contained in the complaint captioned *The Police and Fire Retirement System of the City of Detroit, et al. v. Gildan Activewear Inc., et al.*, 08-cv-05717-UA (S.D.N.Y.), filed June 25, 2008.

inventories, thereby materially overstating its financial results; and (iii) as a result of the foregoing, defendants had no reasonable basis for their earnings guidance for fiscal 2008 and other positive statements about the Company and its business.

The truth was finally revealed to investors on April 29, 2008, when Gildan issued a press release announcing that it was reducing its earnings per share guidance for the second quarter and full year of fiscal 2008. Prior to this stunning announcement, defendants had assured the investing public that Gildan's financial performance and prospects were strong. Upon this news that Gildan was actually reducing earnings per share guidance, shares of the Company's stock fell $10.99 per share, or 30%, to close at $24.93 per share, on heavy trading volume, causing significant harm to Gildan investors.

### III. ARGUMENT

#### A.     The Actions Should Be Consolidated for All Purposes

The PSLRA provides that "if more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

In determining the propriety of consolidation under Fed. R. Civ. P. 42(a), district courts have broad discretion, and generally favor the view that considerations of judicial economy favor consolidation. *In re Orion Sec. Litig.*, No. 08 Civ. 1328, 2008 WL 2811358, at *2 (S.D.N.Y. July 8, 2008). Indeed, many district courts have noted that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports and defendants will not be prejudiced. *Id.*; *see also Ferrari v. Impath, Inc.*, No. 03

Civ. 5667, 2004 WL 1637053, at *2 (quoting *Mitchell v. Complete Mgmt., Inc.*, 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999)); *Manual for Complex Litigation* § 11.631 (2004).

The complaints in the present Actions all relate to Gildan common stock and each alleges the same fraud with respect to the same or substantially the same conduct. All of the documents to be reviewed and the testimony to be taken in each Action relate to this fraudulent scheme by defendants and are identical as to all Actions. Therefore, consolidation is appropriate here and is in the interest of judicial efficiency and economy.

### B. Movant Satisfies the Lead Plaintiff Requirements of the Exchange Act and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure governing the appointment of a lead plaintiff in private actions arising under the Exchange Act were that brought as class actions pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(ii). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant Early Notice was published in *Business Wire* on June 2, 2008. *See* Declaration of David R. Scott ("Scott Decl."), Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05 Civ. 04617, 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006).

Second, the PSLRA provides that within 90 days after publication of the Early Notice the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately

representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). Under this Exchange Act provision, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff. *Freudenberg v. E*Trade Fin. Corp.*, No. 07 Civ. 8538, 2008 WL 2876373, at *3 (S.D.N.Y. July 16, 2008). The Exchange Act provides that the Court is to presume the "most adequate plaintiff" to be the class member plaintiff who: (1) has either filed a complaint or moved for lead plaintiff in response to a notice; (2) "has the largest financial interest in the relief sought;" and (3) satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005).

### 1. The City of Detroit Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for appointment as lead plaintiff in this matter must have done so within 60 days of the initial publication of the Early Notice on June 2, 2008. 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required June 2nd Early Notice, the City of Detroit hereby timely moves this Court to be appointed lead plaintiff on behalf of all members of the class. The City of Detroit also has duly signed and filed a certification stating its willingness to serve as a representative party on behalf of the class. *See* Scott Decl., Ex. B.

### 2. The City of Detroit Has the Requisite Financial Interest in the Relief Sought By the Class

During the Class Period, the City of Detroit purchased 29,500 shares of Gildan common stock and lost more than $329,217 as a result thereof.[2] *See* Scott Decl., Ex. C. Movant is not

---

[2] The total potential recoverable losses suffered by lead plaintiff movants are not the same as their legally compensable damages, measurement of which is often a complex legal question that cannot be determined at this stage of the litigation. The approximate losses, however, can be determined from the certification requirement under

aware of any other lead plaintiff applicant with a larger financial interest in the litigation. Because the City of Detroit has a substantial financial interest and, as discussed below, otherwise satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action, it should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Congress Expressly Envisioned that Institutional Investors Like the City of Detroit Would Be Appointed as Lead Plaintiffs in Securities Fraud Actions Like This

Congress reasoned that increasing the role of larger investors, like the City of Detroit, which typically have a larger financial stake in the outcome of the litigation, would be beneficial because investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* Conference Report on the Private Securities Litigation Reform Act of 1995, H.R. Rep. No. 104-369, at 34 (1995) reprinted in 1995 U.S.C.C.A.N. 697, 733. ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake.") Indeed, courts have found that the appointment of institutional investors is consistent with the legislative intent of the PSLRA. *In re eSpeed Sec. Litig.*, 232 F.R.D. 95, 99-100 & n. 23 (S.D.N.Y. 2005) ("the PSLRA reflects a preference on the part of the Congress that passed it that institutional investors are the most desirable lead plaintiffs"); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304, 311 (S.D.N.Y. 2001) (as an institutional investor, the proposed lead plaintiff "closely fits the profile of the kind of lead plaintiff Congress had in mind when it enacted the Reform Act").

---

Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's shares.

Here, the City of Detroit, a sophisticated institutional investor with the largest financial stake in this litigation, is precisely the type of Lead Plaintiff envisioned by Congress and, therefore, should be appointed as such.

### 4. The City of Detroit Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B), the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. *Olsen*, 233 F.R.D. at 108. Consequently, in deciding a motion to serve as lead plaintiff, the Court need only inquire into the typicality and adequacy of the proposed lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("the claims of the class representatives need not be identical to the claims of the class to

satisfy typicality"); *In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *15 (S.D.N.Y. June 6, 2002).

The City of Detroit satisfies this requirement because, like all other class members, it: (1) purchased or acquired Gildan securities during the Class Period; (2) purchased or acquired Gildan securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the City of Detroit's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same conduct and course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry of a movant's adequacy to represent the class to the following: (a) the absence of potential conflict between the named plaintiffs and the class member; (b) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation; and (c) the class has a sufficient interest to ensure vigorous adequacy. *Weltz v. Lee,* 199 F.R.D. 129, 133 (S.D.N.Y. 2001).

Here, the City of Detroit is clearly "adequate" because its interests are aligned with the interests of the class and because both suffered from the same artificial inflation of the price of Gildan common stock and would benefit from the same relief. Additionally, the City of Detroit is represented by Scott + Scott, a firm with significant securities fraud litigation experience that is more than adequately equipped and informed in this action to proceed as a class representative and lead plaintiff. Moreover, there is no evidence of antagonism between the City of Detroit and the class. Finally, as shown below, the City of Detroit's proposed lead counsel for the class, Scott + Scott, is highly qualified, experienced and able to conduct this complex litigation in a

professional manner. Therefore, the City of Detroit *prima facie* satisfies all of the requirements of Rule 23 for the purposes of this Motion.

### C. The Court Should Approve the City of Detroit's Selection of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, the City of Detroit has selected Scott + Scott to serve as lead counsel. Scott + Scott is a firm with substantial experience in the prosecution of shareholder and securities class actions and possesses the resources necessary to efficiently conduct this litigation. *See* Scott Decl., Ex. D. Accordingly, the Court should approve Movant's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons, the City of Detroit respectfully requests that the Court: (1) consolidate all related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appoint the City of Detroit as lead plaintiff in the consolidated action; (3) approve the City of Detroit's selection of Scott + Scott to serve as lead counsel for the class, and (4) order such other relief as the Court may deem just and proper.

DATED: August 1, 2008			Respectfully submitted,

			SCOTT + SCOTT, LLP


			/s/ David R. Scott
			DAVID R. SCOTT (DS 8053)
			108 Norwich Avenue
			P.O. Box 192
			Colchester, CT 06415
			Tel: 860/537-5537
			Fax: 860/537-4432
			Email: drscott@scott-scott.com

SCOTT + SCOTT, LLP
BETH KASWAN
29 West 57th Street
New York, NY  10019
Tel: 212/223-6444
Fax: 212/223-6334
Email: bkaswan@scott-scott.com

**Proposed Lead Counsel**

**Attorneys for Police and Fire Retirement System of the City of Detroit**

12

## **CERTIFICATE OF SERVICE**

I, David R. Scott, hereby certify that a copy of the foregoing was served on all parties on August 1, 2008 via the Court's ECF system.

/s/ David R. Scott